# ESSEX COUNTY,

## March Term, 1838.

Present, Hon. CHARLES K. WILLIAMS, *Chief Justice.*
"     STEPHEN ROYCE,      } *Assistant Justices.*
"     JACOB COLLAMER.     }

## Tyrus H. Downer *v.* Elijah Frizzle.

Where a gun was sold to be paid for in sawing;—*Held,* that there could be no recovery, until logs were carried to be sawed, so that the party could fulfil his contract.

Where the defendant had sawed logs for plaintiff on such a contract, in part, and sued the plaintiff and recovered therefor;—*Held,* that this did not entitle the plaintiff to maintain an action for the gun, without any demand for the sawing, but that he should have resisted the recovery when sued by defendant.

When a person is sued on book and appears in the action, but does not bring forward his account, if he afterwards sue to recover his account, he is not entitled to cost.

Where both plaintiff and defendant except to the decision of the county court, and defendant prevails on both exceptions, he is entitled to the cost before this court, notwithstanding a balance may be found due to plaintiff.

This was an action of book account, commenced before a justice of the peace, before whom the plaintiff recovered $21, from which judgment the defendant appealed to the county court, where judgment to account was rendered and an auditor appointed, who reported a balance in favor of the plaintiff, of $18,72.

There was, among other items in the plaintiff's account, a charge for a gun, of $14,00, which was allowed by the auditor at $15,58, including interest thereon, subject to the opinion of the court upon the following facts.—The defendant bought the gun at the price charged, to be paid in sawing at the defendant's saw-mill. After the sale of the gun, the defendant sawed for the plaintiff to the amount of $3,72, being all the logs furnished by plaintiff to be sawed. For this sum the defendant afterwards sued the plaintiff. The plaintiff (then defendant,) appeared by attorney and a recovery was had by defendant, (then plaintiff,) the claim for the gun not having been presented and adjusted in that suit.

The county court adjudged that the auditor's report be accepted, but that the plaintiff recover no cost. To which judgment both parties excepted.

The opinion of the Court was delivered by

WILLIAMS, C. J.—The principal question in this case is on the right of the plaintiff to recover the charge for the gun. As to this charge it is apparent that as the contract was to pay in a particular way, to wit, in sawing at the defendant's mill, unless he has refused or neglected to make the payment in the way stipulated, there can be no recovery. It was necessary for the plaintiff to carry logs to the defendant's mill. The auditor finds that this has never been done, that logs have never been furnished at defendant's mill, except some which were sawed, amounting to three dollars seventy two cents. The defendant has never refused to perform the contract, but, on the contrary, has, as far as in his power, performed it. This, of course, would carry this question against the plaintiff, for this item, unless the fact of the defendant's recovering against the plaintiff the sum of three dollars seventy two cents should give the plaintiff a right to recover in this way. We cannot view it in this light. If the plaintiff had resisted the claim in the action brought against him, there could have been no recovery for this sum. But because injustice may have been done in that action, it cannot be rectified by doing a similar injustice in this. There has been no refusal to perform the contract by the defendant, or to pay as agreed. The charge

for the gun, cannot be allowed. The plaintiff was entitled to judgment on the report of the auditor for three dollars fourteen cents only.

The question as to cost must be decided on the statute of 1819. That was a statute for a particular purpose, regulating the cost in one action, and was not altered by the statute of 1822. The last was a general statute, in relation to actions before justices of the peace. The other was a statute on one particular subject, applicable to cases in whatever court they might be. The object of it is to compel the parties to have all their controversies on book settled in one action, where it can be done, and, although it saves a right of action, where a defendant has a just claim on book against a plaintiff who had brought a suit against him, of which he had notice, yet, it restricts him from recovering cost. The law is explicit, and should be so. If a party, having notice of a suit against him on book, permits the plaintiff to recover a balance due, without appearing to exhibit his own claim, or to have the true balance adjusted, he should not be allowed to recover his cost. It is amply sufficient that he is protected so far as not to lose the claim which properly ought to have been adjusted in the first suit. It is objected, that the defendant has put the plaintiff to cost in this case by appeal. He has, however, done nothing more than is allowed by our system of jurisprudence, nor more than was necessary for a true adjustment of the controversy between him and the plaintiff. There was a recovery against him before the magistrate for twenty one dollars. On appeal he reduced it to about sixteen dollars, and now to three dollars fourteen cents. On the exceptions taken by the plaintiff, to the judgment of the county court, as to the cost, the judgment of the county court was right, and is affirmed. On the exceptions taken by the defendant, the judgment of the county court was erroneous, and is reversed, and judgment must be rendered for the plaintiff, to recover three dollars fourteen cents. And as the defendant has prevailed on both exceptions, he will be entitled to the cost before this court.

*I. Young*, for plaintiff.

*S. Cushman*, for defendant.